Thank you. If it pleases the Court, my name is Richard Cornell. I appear for the appellant Brandon Pert. I submit to you that this case is framed by what I would characterize as a blatantly illegal search and seizure of approximately $175,000. Simply put, there was no probable cause to stop my client lawfully. There was no probable cause to seize his vehicle. There was no probable cause to seize his money. The government has never contested any of that. So to me, how I would characterize that is the government stole Mr. Pert's money, and the ultimate issue for you to decide is, is that theft perfected by my alleged malpractice? And I would hope the answer to that is no. Well, why didn't you follow the procedures that the agency gave you when they sent your client the letters? I thought I did. Here's the problem. The government, the court said, the court below said that the threshold question is whether we made a claim. No, the threshold question is whether we clearly and unambiguously waived our statutory right to make a claim. That has to be the proper threshold question because of the confusion that was caused by the notice of the seizure. Let me talk about that because that's key to this case. ER 52, there are a couple of notices. This is the one that served on Mr. Pert's counsel record. It says twice, or it suggests twice in this notice that you can file both a claim and a petition for remission and forfeiture simultaneously. Let me ask you something, counsel. Obviously, remission is different from claim. Yes. That much we all agree to. What I'm having trouble understanding, just, it may not even be legally relevant, but it's interesting. The agency says, sends you the thing, says, look, you guys have filed a petition for mitigation or remission and you never write back and say, wait a minute, you guys misunderstand what we're doing. They say you've filed it, but you didn't verify it and you don't write back and say, you guys don't understand. I was filing a claim. I wasn't filing a petition for remission. In fact, the letter you send back says again, we demand immediate remission. Right. And attached to that is a civil complaint, which is a claim. Well, I understand that. I understand what you put on there. But again, you don't even say, and I want you to understand, look, here's a complaint we'd like to file against you. Of course, it's already too late to file that claim if the person wasn't any good, but that's beside the point. That's a never mind at this moment. You say, so here's a claim I'm going to file. And even if you said that, I fail to understand why, if this was not meant to be a petition for remission, you didn't write back and say that. Folks, this was not a petition for remission. It was a claim. Sorry. Or it was both a petition for remission and a claim. Sorry, you got it wrong. You never do that, did you? No. In retrospect, clarity would have been a good idea. It's not a good idea. It's a question of how people are supposed to interpret what you're about at that point. Well, here was the confusion. First off, the notice says, in addition to or in lieu of petitioning for remission, you may contest the forfeiture, suggesting you can do both. And above it both. It's supposed to be one or the other. I mean, but this is what this. But the instructions, you know, it's going to tell you right up front, you need to review the following procedures very carefully. And some of those words, even for lawyers, may not be familiar. Remission, I have to say, when I started looking at remission here, I wasn't exactly sure what what remission was with the with the DEA. But fortunately, they define it as as a pardon. But in order to contest the forfeiture, the second sentence instructs you, you must file a claim with Forfeiture Council. Right. Which you didn't do. Well, everything in your letter suggests said, if if the government files a forfeiture action, here's the way we're going to defend it. Right. And that's very different from the process that's laid out, which suggests that you have the obligation of filing a claim with DEA. And I thought, see, the the problem is, is that we by giving different dates and giving an earlier date on a petition for if they've already forfeited, isn't a petition for remission and forfeiture what you do? Well, you would think so. But this is not a remission situation. We're not asking the administrative agency to exercise his discretion in giving all or or some of the money back. We are making a claim. We are seeking a judicial resolution to this. This is why I talk about what will happen at the evidentiary hearing. There is no evidentiary hearing in an administrative proceeding. And this is why I say, if you nevertheless insist on filing a forfeiture complaint, Mr. Houston is authorized to accept service of process on behalf of Mr. Pert. But when they give an earlier date for petition for remission, and I think they've already forfeited, I use the word remit the money. I use it in the generic sense to try to cover my bases. Well, they they didn't understand that, obviously. And frankly, I wouldn't understand that from what you wrote. And you never wrote back and said, you guys, I didn't mean that. You didn't even do that. So it looks to me like you did mean it. If one had to guess, one would have to guess you met it. Did you try calling somebody at DEA to see what what had happened to this and what what needed to be done? No. But the question that I would hope you'd ask my opponent is why in a petition like this are we even talking about a petition for remission and forfeiture if your intent is to waive the claim? If there isn't even a forfeiture that has happened at that point, which there isn't, and there wasn't on September 20 when we were given the 30-day extension, which we followed timely, then why are we even talking about a petition for remission at that point? That is the confusion. And and frankly, yes, my response was ambiguous. It was in response to ambiguous directions, in my opinion. But again, go back to the threshold question. Is is is this a clear and unambiguous waiver of a claim? How can it be when we are talking about if you nevertheless insist on filing a forfeiture complaint, Mr. Houston's authorized to accept service of process. We are seeking a judicial. Right. But you were trying to you were trying to shift the burden to the government to file the complaint, which the instructions all informed you was not the process set out by Congress. That it was your obligation to file a complaint with DEA, not your obligation to wait not not your privilege to wait until DEA decides to file a forfeiture action in federal court. Alright. If if you agree that the October 12, 2010 response with this proposed civil complaint verified Mr. by so far as it ruled is if you find that clearly and unambiguously we waived the right to make a claim and and clearly and ambiguously sought to have this handled administratively. That would be the Martin versus Lenhart situation or the malady drug situation. We didn't do that. If we're given 30 days to clarify our position and we clarify it with a verified. They didn't give you 30 days to verify your petition for remission. Right. And the question is, that's what they gave you. That's what they gave you. The question is, can they lawfully take away my right to file a claim at that point? And my answer to that is only if I have clearly and unambiguously waived the right to make a claim. But simply is not what the law says. The law says you've got to file a claim in the appropriate time or you lose it. Right. But the law also say have not that they have to prove that you waived it, but you have to prove that you filed it. But the law also says that if I act in good faith, which I submit I did, I get a reasonable extension of time to file a verified claim if a claim is what I intended and it was unverified from the get go. And that's clear from Irwin versus Department of Veterans Affairs and William G. Tadlock construction versus United States Department of Defense and other cases I cited in the Gray brief. That's what I was doing. And that line of cases were completely ignored by the court below. And that I submit is the major failing in in the decision of the court below. What you sent them the second time around was again a letter saying I want immediate remission. Right. And at that point remission. Sure. Because at that point I thought they'd forfeited. Well, they had. No. Well, at that point they had. I didn't know that. It was done in secret. No. They sent you a notice of it. That's what you're responding to. That is the September 21st declaration of forfeiture. No, no, no, no, no. I never received that. The first time I saw that was in the motion to dismiss in the supporting declaration. Neither I nor Mr. Houston ever saw that. Maybe that's, maybe that's the confusion. I don't know. Well, the declaration of forfeiture comes after the time to file a claim has passed. Right. Okay. We have never. The time given to file the claim was August 18th actually to start with. Our position is whether the DEA gave us the 30 days to file only a corrected petition for remission and forfeiture or not as a matter of law by responding ambiguously to their ambiguity where we have created a claim and a petition. We are given 30 days to perfect, to file a proper claim, which we did. By doing so, it relates back to August 16, 2010. That meant that the government at that point had 90 days from that day to file their civil forfeiture complaint. They never did that. In fact, when this case in the court below, we don't know what the DEA. What day did you file, ultimately file your complaint? It's in the record. It was after November 16, 2010, but not too long after that. So it was, it was about three months late? No, no. Well, it was, it was after the 90 days that the government has to file the civil forfeiture complaint. It was after that that we filed this same document, the, the motion for return of money that we had sent to the DEA. Okay, but, but I'm, and I'm trying to figure out what, I want to get the tolling, how does this relate back to August 16? Because on August 16, our response was a claim and a petition. I guess you could say petition because I use the word remission. They, the government gave us 30 days on September 20th to file a proper, verified petition for remission and forfeiture. Our, and our response within the 30 days, as Judge Fernandez said, was again using the word remission because as far as we knew, there was a forfeiture. That's your October 12th letter? That's our October 12th letter. So it's timely within that time. Okay, but you didn't, but you didn't file the affidavit. You did something different. We, no, that, I don't know. They didn't, you did something different than file an affidavit. We filed, yeah. You told them you'd file a complaint. Right. They wanted our, the position of my client verified. The position of my client verified has always been the government illegally seized his money. And then you filed a complaint on November 16th. Sometime shortly after that. So that's, that's more than 30 days even after your October 12th letter. Oh no. Well, the letter required 30 days to get that timely. On October 12th. On October 12th. And then, and it's another 34 days until you file the complaint. Right. Okay. I'm still trying to figure out how this all relates back. Right. Well, the government response is, okay, you've filed it timely, we need to investigate what happened with the search and seizure, among other things. Why do they need to do that if it's a petition for remission and forfeiture? If it's a petition and remission for forfeiture, the, the manner in which they seize the money is irrelevant, isn't it? May not be. If you say it's up to them to be nice and to, to give you help and to say, okay, it looks like it was pretty flaky, but so we're going to remit some of this. I guess they could do that. They could, but that I didn't want to depend on the D. A. For that grace. I mean, I felt like I had to because of the confusion that they created. Mr Cornell, I thought I was under the impression that the D. A. S. Um, remission power was largely to sort of innocent owners, people who had acquired property. I didn't see anything in any of your papers that suggested that your client was offering an innocent owner defense. That's right. He's not. I mean, let's put it this way. He is the owner. No one has ever asked him what the source of the money was and where it was going. Had that issue come up, I would have told him and he would have been an innocent owner in the sense that not an innocent owner of the money, but that he wasn't doing anything illegal. But it never came up because our threshold question doesn't forfeit just because somebody is carrying a lot of cash, right? They forfeit because they because they believe that it was proceeds from from drug trafficking. Right. And there has never been any evidence of that. Uh, but I haven't seen any denial of that either. Which Oh, it's in my letter at page 62 er 62. I said in an evidentiary hearing, we could show. Okay, right. Yeah. Okay. And I don't think we'll need to go that far because the search and seizure was illegal. Um, I'll reserve any time I may have. Okay. Thank you. Thank you, Your Honor. May it please the court. My name is Greg Addington. I'm an assistant U. S. Attorney from the District of Nevada. My office is in Reno. It was my privilege to represent the United States before the district court in this case, and I'm pleased to continue that role this before this court, the district court properly dismissed this action because Pertz lawsuit represents an impermissible challenge to a completed administrative forfeiture, and the district court properly dismissed the case, and this court should affirm the district court's dismissal order. There is a limited circumstance in which a person may challenge a completed administrative forfeiture under the operative statute, which is 9 83 e of Title 18. A person may present such a challenge based only on a claim. I don't want to use the claim word claim too often this morning, but based on an allegation that inadequate notice was provided to the person and that inadequate notice compromised that person's ability to challenge the administrative forfeiture process or to contest it. That was not Mr Pertz challenge. It never was Mr Pertz challenge, and it could not have been Mr Pertz challenge because he did and his counsel did receive notices from the D. A. That were adequate, and they in fact responded to those notices. D. A. Completed this administrative forfeiture by following the procedure set out in 9 83 a of Title 18. That procedure has been in place for decades. In fact, that procedure predates the enactment of Section 9 83 as part of the Civil Asset Forfeiture Reform Act in 2000 or CAFRA. 9 83 collected the process from a patchwork of other statutory sources that had been in place for many years. I mentioned that pedigree of administrative forfeitures to highlight the point that there was nothing odd, nothing peculiar, nothing The notices that were sent to Mr Pertz and his counsel were substantively the same notices that you see quoted from cases in the nineties. That seems like a long time ago, but it wasn't. But it predated 9 83. But the same notice that Mr Pertz received and his counsel received are substantively the same notices that D. A. And other agencies have been using for decades to apprise people of a proposed administrative forfeiture and to apprise them of their alternative remedies, which they may invoke the remedy to proceed to a civil action, a civil forfeiture action initiated by the United States in district court or an administrative remedy through the petition for remission process, which is under the primarily under 28 CFR Part nine. Mr narrow issue before this court on this record in this case, how would you define it? I would define it as did Mr Pert through his counsel submit a claim which required D. A. To refer the matter to the U. S. Attorney's office to initiate a civil forfeiture proceeding in district court within 90 days under 9 83. That is a strict deadline for filing a civil complaint for forfeiture after a claim is presented to the agency. I ask you the question for one reason. Primarily we're gonna have rebuttal in just a minute. And when you dance around with and I'm not suggesting you're doing it. But when we discuss this, this, this, this sometimes person comes to rebut. He's not clear on what he has to rebut. And I want for the record to be perfectly clear on the narrow issue that is before us today. I heard a suggestion by Mr Cornell that the notice was ambiguous or unclear or confusing in some way. The notice is in the excerpts of record several times because it was sent to three different addresses. When I'm when I'm looking at is that the excerpts of record page 43, but it's the same notice that appears a couple of other times. It plainly states that to request remission or mitigation of forfeiture. And that's the title of that section in bold letters, capitalized letters. There's a paragraph that follows that heading that says exactly what a person needs to do to submit a petition for remission, remission or mitigation and the deadline for doing so. And then the next section, which is separated from that section, is highlighted with another heading in bold letters in capitalized letters to contest the forfeiture. The notice plainly states that in addition to or in lieu of the petition for remission, you may contest the forfeiture of the seized property in U.S. District Court to do so. You must file a claim by August 18th, 2010. That's plainly what it says. And then it goes on to refer to various sections of 983 about how that judicial proceeding will be processed and understood. So in the petition for remission process is clearly separated from the claim process. It is clearly two different processes, although they can be done in tandem, and that is not unusual. Nothing unusual about a petition for remission being submitted prior to a forfeiture being completed. In fact, if somebody submits both, that is exactly what's going to happen. It's going to be referred to my has been presented, and that petition for remission will be held in abeyance until the forfeiture is accomplished. And if the forfeiture is not accomplished, there's nothing to remit or mitigate because the claimant has prevailed. If there is a judgment of forfeiture in the district court because a claim has been presented, has been presented, and now it's gone through a civil forfeiture proceeding, now we have a judgment of forfeiture. Now we go back and DEA or the for remission that may have been filed years earlier. So there's nothing unusual about the petition for remission or mitigation being presented to the agency before the declaration of forfeiture or the judgment of forfeiture. So I did want to address that timing issue. This case is, in its material facts, indistinguishable from the D.C. District Court's decision in Martin v. DEA that's cited in the briefs, a 2010 case, and that was an Amtrak passenger, had currency seized through a train inspection, and the gentleman there, Mr. Martin, presented a petition for remission. It was in the form of a letter from his counsel that requested remission of the funds back to Mr. Martin, very similar to the letter that Mr. Cornell sent to DEA. And DEA, in response to that petition by Mr. Martin's counsel, sent a letter back and said, we have received your petition for remission and we're going to investigate it and we're going to rule on it. And in that case, Judge Sullivan of the District Court said, queried why, in response to that letter, did not Mr. Martin then say, wait, you have misconstrued my petition. It should have been characterized as a claim. And so in the case, Martin filed his lawsuit seeking the return of his funds and argued that his petition should have been regarded as a claim to initiate a civil forfeiture proceeding in District Court. And Judge Sullivan said, no. First of all, it was not identified as a claim. The word claim doesn't appear anywhere in the materials that you submitted. You did not request transfer of this administrative proceeding to District Court. You did not request a referral to the U.S. Attorney's Office under 983. And more, most significantly, I think, in the Martin case, when DEA said, we have received your request, your petition for remission and mitigation, Mr. Martin or his counsel did not say, no, that was not a petition. That was a claim. And that was significant to the Martin disposition and is likewise significant to how the District Court here in the Pert case dismissed this case because Mr. Pert's petition, the materials that he submitted initially on August 16th, it did not have the word claim anywhere in it or any variant of the word claim. It did not request a transfer of the case to the U.S. Attorney's Office. And in the Pert case, in our case, there's actually another exchange of correspondence that makes it stronger than the Martin case. In our case, there was a defect in what Mr. Pert, through counsel, submitted. It wasn't sworn. And so DEA sends a letter back to Mr. Cornell, and we have that in Excerpts of Record Number 66, and it says, Mr. Cornell, we have received the petition for remission or mitigation. The petition is defective. It's being returned to you. The petition was not properly executed. And then there's a reference to 21 CFR 131679 and 28 CFR 9.3. Those regulations only are And so it asks Mr. Cornell, please correct the deficiency. We'll give you 30 days to correct that deficiency in the petition for remission or mitigation. So in response to that, Mr. Pert does not say, stop, you have misconstrued my claim. It was a claim all along. I need this case referred back to the U.S. Attorney's Office so that a civil proceeding can be initiated. No. Instead, he sends a letter, the October 12th letter, which is at Excerpts of Record 73, and he says, we are correcting the deficiency in the original submission. And he actually says, by submitting the proposed complaint that was eventually filed in late November, because it was signed by Mr. Pert as a verification, that that would comply with the sworn declaration requirement under the regulations. But what's odd is that in Excerpts of Record 73, on the third numbered paragraph, Mr. Cornell says, we believe this Well, 28 CFR 9.3 is only applicable to petitions for remission or mitigation. It's actually titled Petitions for Remission in the Administrative Forfeiture Process. And the same for the 21 CFR reference. So Mr. Cornell is explicitly telling DEA, you have, you, DEA, have correctly characterized my prior submission as a petition for remission. And we are now complying with the regulatory mechanism that says it must be a sworn statement. And then in response to that letter, DEA writes back to Mr. Cornell and says, your petition for remission is now here. It's under consideration. We're going to investigate it, which is exactly what the I'd like to ask a different question about the District Court's procedure. The District Court dismisses this for lack of subject matter jurisdiction. What what is it in in in statutes or in Article 3 of the Constitution that deprives the District Court of subject matter jurisdiction? That was my initial point when I started out, Your Honor. Under 983 E of Title 18, it plainly states that a challenge to an administrative forfeiture is limited to the circumstance in which inadequate notice was provided to a person. And 983 E is very explicit by saying that that is the exclusive means to contest. That would be that would be that would give you a 12B6 grounds for dismissing it because there's no claim upon which relief can be granted. But what how does that go to the subject matter jurisdiction of a district court hearing constitutional complaints about notice and process and so on? One one that statute, which would come under Article 3 and number two, it seems to come under 1331. So what makes this what makes the District Court lose subject matter jurisdiction? Because the court's subject matter jurisdiction in an administrative forfeiture environment is limited to challenges based on inadequate notice. But that all deals with process. It doesn't have anything to do with the jurisdiction of the court. There isn't anything in this statute that refers to jurisdiction, is there? No. There's a venue provision. There is a provision. There's no there's nothing that says district courts have jurisdiction to do X but not Y. I focus on the language of 983 E because it plainly states that that's the exclusive method for challenging the forfeiture. Gives you a good 12B6 argument. What makes the 12B1? Because that is the only mechanism whereby the United States has waived its immunity for suit. But we have we have made very clear that that waivers of sovereign immunity and grants of subject matter jurisdiction are two different things. Your Honor, I would acknowledge that if a person has in fact submitted a claim and for whatever reason DEA didn't pick up on the claim, it got lost in the mail, whatever happened, and that 90-day time expired and there was no complaint filed. And so the provisions of 983 that requires the funds to be returned and requires that no further forfeiture action can be accomplished would take effect. That I would submit that there likely would be a petition for writ of mandamus or some other remedy available to compel the agency based on a claim having been presented and no forfeiture complaint having been filed that there would be a jurisdictional aspect to the district court's remedy. Yeah, and that's E5. E5 says this is the exclusive remedy. But remedies, remedies are claim processing. They don't go to subject matter jurisdiction. The Supreme Court has emphasized that again and again that we have claim processing rules which are very different from jurisdictional rules. But Pert's complaint never alleged that he submitted a claim and that DEA did not properly follow the process. Right, but you file a 12B6. He hasn't followed the process, so you win. That would be your position. That doesn't have anything to do with subject matter jurisdiction. I would suggest, Your Honor, that it does because the waiver, 983 represents a waiver of immunity for a challenge to an administrative forfeiture only in a particular context. Right, but waivers of sovereign immunity are different from grants of subject matter jurisdiction. Our court has made that very clear. And we've said sometimes we've confused those two things, but they are different. I agree that there has been some confusion about how they interrelate. But here the dismissal was appropriate because Pert's challenge was not based on inadequate notice and Pert never submitted a claim. That there was no reason for DEA to characterize, I see my time is up, but there was no reason for DEA to characterize this material submitted by Pert in a way that Pert himself would not have endorsed at the time it was submitted based on the clear language that he used in the materials that he submitted. Okay, thank you, counsel. Mr. Cornell? I'm going to give you a minute. You have used, effectively used your time, but I'm going to give you a minute. Thank you. Addressing your point, Judge Bybee, I probably sat down too soon. Our alternate theory in this case was that the court does have subject matter jurisdiction to set aside the forfeiture under 981 sub E. We briefed that at pages 106 through 110. The court below didn't discuss it. Our problem with the notice in this case is from the get-go, the DEA knew that Pert had counsel. In fact, they sent the notice to counsel. Why are they forfeiting through secrecy on our part when we're having this conversation? I liken it in the briefs to complaints filed, we're given an extension of time to respond, and while that happens, we have a trial in absence, we find out about it 181 days later, and you say you're out of time to file a motion to set it aside. To me, it's the same situation. With respect to the question Judge Ferris asked, again, I emphasize the question isn't whether we made a claim, the question is whether we clearly and unambiguously waived the claim. In Martin v. Lenhardt, there was a clear unambiguous waiver of the claim, and the claim that Martin tried to resurrect in the district court was very different than what he had presented to the agency in this case. We filed the exact same papers that we submitted to the agency on October 12th. What, in your view, is the posture of the case at this moment? Pardon me? What, in your view, is the posture of this case? The posture in this case is it should be reversed. The question is on what theory? Should it be reversed or remanded? Should it be reversed on the basis that there was not an unambiguous waiver? Or would it be the basis for the reversal, so far as you're concerned? Okay. A remand would be to consider whether the court should take subject matter jurisdiction under 981 sub e. I mean, quite frankly, I think, excuse me, I think your honors can decide that as well as Judge Hicks, but otherwise that would be the basis for a limited remand. Thank you. Thank you, counsel. Appreciate the argument. Thank you for answering our questions.
judges: Farris, Fernandez, Bybee